1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8  JOSE LUIS MENDOZA, et al.,                    Case No. 2:23-cv-00376-RFB-NJK

9          Plaintiff(s),                                 **Order**

10  v.                                              [Docket No. 11]

11  ANGELO JOSEPH GIORDANO, et al.,

12          Defendant(s).

13      Pending before the Court is Plaintiffs' motion for service by publication.  Docket No. 11.[1]

14  The motion is properly decided without a hearing.  *See* Local Rule 78-1.  For the reasons discussed

15  more fully below, the motion is hereby **DENIED**.

16  **I.     MANNER OF FILING**

17      Counsel filed the instant motion as *ex parte* with restricted access on the docket.  *See*

18  Docket No. 11.  No showing has been made to support any such restriction from public viewing.

19  Accordingly, the Clerk's Office is **INSTRUCTED** to remove the restrictions from the motion such

20  that it appears publicly on the docket.

21  **II.    MOTION FOR SERVICE BY PUBLICATION**

22      Plaintiffs seek an order that they be allowed to effectuate service by publication.  Service

23  is to be provided pursuant to the law of the forum state, or in which service is made.  *See* Fed. R.

24  Civ. P. 4(e)(1).  Nevada law permits service by publication if the plaintiff cannot, after due

25  diligence, locate the defendant.  *See* Nev. R. Civ. P. 4.4(c)(1)(a).  Due diligence is that which is

26

27      [1] Seeking relief in federal court requires the filing of moving papers with meaningfully
developed argument.  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).
Despite a prior warning on that front, Docket No. 10, the motion continues to be poorly developed.

28  Counsel must do better moving forward.

1

appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories or other databases and contacting family members. *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994). Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

In this case, Plaintiffs attempted service one time on Defendant Giordano at his home, but the process server was told that he sold the house and moved. Docket No. 11 at 5. Plaintiffs identify no efforts to locate Defendant Giordano's current whereabouts.[2] Plaintiffs attempted service one time on Defendant Mexitalia Family Holdings, but the process server noted the location is now vacant. Docket No. 11 at 9. Plaintiffs identify no other efforts to locate the corporate defendant (or its officers) to effectuate service by traditional means.

In short, a single service attempt has been made as to each Defendant, which the Court finds to be insufficient diligence to warrant service by publication.

## III.   CONCLUSION

For the reasons discussed above, the motion for service by publication is **DENIED**.

IT IS SO ORDERED.

Dated: June 14, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Counsel attests that he "do[es] not know any other address where Defendant has lived since" he moved. Docket No. 11 at 3. Such representation simply begs the question of what efforts (if any) counsel has made to obtain such information.